UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

CHARLES E. ANDERSON,                )
                                    )
    Petitioner,                     )
                                    )
v.                                  )   Case No. CV411-260
                                    )
WARDEN CEDRIC TAYLOR,               )
                                    )
    Respondent.                     )

## REPORT AND RECOMMENDATION

Charles Anderson, currently incarcerated at Autry State Prison Pelham, Georgia, has petitioned for a writ of habeas corpus pursuant 28 U.S.C. § 2254. (Doc. 1.) He seeks to challenge the revocation of his state probation in 2007. Respondent moves to dismiss his petition as time-barred.[1] (Doc. 8.)

The timeliness of a § 2254 petition is governed by the

---

[1] Respondent filed a motion, unsupported by any transcript of the state proceedings, on December 13, 2011. (Doc. 8.) The Court expected supporting documentation to follow, and when it did not, it ultimately directed the respondent to submit supporting materials within 14 days. (Doc. 12.) More than a month later, respondent complied with the Court's order. (Doc. 16.) In the meantime, Anderson twice moved for a default, though no default will issue in habeas cases, much less a case where a defendant has already answered. (Docs. 14 & 15.) His motions are thus **DENIED**. Nevertheless, respondent's counsel is **DIRECTED** to file an explanation for his tardiness within 14 days.

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The record reflects that Anderson's probation was revoked on October 16, 2007. (Doc. 1 at 4; doc. 16-1 at 46) He did not timely appeal. (Doc. 1 at 4.) Hence, his revocation became "final" thirty days later, on November 15, 2007, when his time for filing a notice of appeal with the Georgia Court of Appeals expired. *Colbert v. Head*, 146 F. App'x 340, 341 (11th Cir. 2005); O.C.G.A. § 5-6-35 (allowing thirty days after the entry of an order revoking probation to file an appeal). Petitioner submitted his state habeas petition for filing on May 19, 2009, well over a year later. (Doc. 16-4 at 8.) Although the state habeas action would have tolled one-year federal limitations period if any time was remaining, 28 § 2244(d)(2), it did not reset the clock. *Webster v. Moore*, 199 F.3d 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). Hence, this petition is untimely many years.

Anderson states that he was unaware of the timing provisions. (Doc. 10. at 3) He also claims that he asked his attorney to file an appeal, but his attorney did not do so. (*Id.*) Thus, he seeks equitable tolling of the limitations period. (*Id.* at 3-4.) For equitable tolling to apply, Anderson must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. \_\_, 130 S. Ct. 2549, 2562 (2010) (quotes and cite omitted). To that end, "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case.² Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3rd Cir.

---

² "The Supreme Court has clarified that the prisoner must pursue his rights with 'reasonable diligence, not maximum feasible diligence. . . .' The prisoner bears the burden of demonstrating that extraordinary circumstances prevented the timely filing of a § 225[4 petition] such that equitable tolling applies, and mere conclusory allegations are not sufficient to raise the issue. *Equitable tolling is a rare and extraordinary remedy*." *Doe v. United States*, 2012 WL 1138779 at * 1 (11th Cir. Apr. 6, 2012) (emphasis added) (quoting *Holland*, 130 S. Ct. at 2565). This burden includes showing causation -- a nexus between the extraordinary circumstance and the late filing of the federal habeas petition. *Bell. V. Fla. Atty. Gen.*, 2012 WL 386253 at * 5 (11th Cir. Feb. 7, 2012). Hence, even if an attorney, court, or some other external factor can be blamed for running out part of the one-year clock, no equitable tolling will be granted if the prisoner indolently runs out the rest. *Id.* ("Bell must also show a nexus between the extraordinary circumstance and the late filing of his federal habeas petitions, and it is often the case that causation is more difficult for a petitioner to prove if an extraordinary circumstance occurs early in the statute of limitations period.") (citation omitted)).

2011) (applying *Holland*).

At the outset, Anderson's unfamiliarity with AEDPA is no excuse. A *pro se* litigant's ignorance of the law simply does not justify equitable tolling. *Maldonado v. United States*, 2012 WL 1143828 at * 1 (M.D. Fla. Apr. 5, 2012) (collecting cases). His second contention -- that he instructed his attorney to appeal but his attorney mistakenly told him that he enjoyed no appellate rights -- is also unavailing. (Doc. 10 at 4.) Anderson actually did have the right to pursue a discretionary appeal. O.C.G.A. § 5-6-35. The trouble is, Anderson admits that he knew that counsel had not filed an appeal by May 1, 2008, less than six months after the revocation was final. (Doc. 10 at 2.) Had he filed a state habeas petition by November of that year, he could have preserved his federal habeas rights. Instead, he sat on his rights until May of 2009. (*Id.*) Hence, Anderson was not diligent. *See Doe*, 2012 WL 1138779 at * 2 (denying equitable tolling to § 2255 movant who, *inter alia*, failed to "demonstrate how he exercised due diligence in pursuing his rights" after he learned that his lawyer failed to file a notice of appeal; he thus failed to satisfy his equitable tolling burden).

4

Even assuming Anderson had been diligent, his tolling claim still fails. Simple attorney malpractice will not support equitable tolling; the petitioner must show something more. *Maples v. Thomas*, 565 U.S. ___ 132 S. Ct. 912, 923 n. 7 (2012). In *Holland*, for instance, the Court explained that while attorney negligence will not support equitable tolling, where an attorney utterly abandoned his client, a different result may be warranted. *Holland*, 130 S. Ct. at 2555, 2567-68 (Alito, J. concurring). In other words, attorney *abandonment* is treated differently than attorney *negligence*. *Maples*, 132 S.Ct. at 923. After all, "sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." *Id.* (quoting *Holland*, 130 S. Ct. at 2568). Here, however, Anderson's attorney did not abandon him, for he filed an extraordinary motion to reconsider the probation revocation and even instructed him (Anderson) to file a state habeas petition. (Doc. 10 2.) In such situations, petitioners like Anderson must bear the fatal malpractice risk from a lost appeal. *See Coleman v. Thompson*, 501 U.S. 722, 752–57, (1991) (condemned prisoner pursuing state habeas

5

relief waived right to federal review, and thus could be executed, after his state habeas counsel negligently missed, by 3 days, deadline for appealing denial of state habeas petition); *id.* at 754 (applying Rest. Agency 2d § (1958) ("master is subject to liability for harm caused by negligent conduct of servant within the scope of his employment").[3]

Anderson's habeas petition is untimely and he has failed to show that he is entitled to equitable tolling. Consequently, this case should be **DISMISSED**. Moreover, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

---

[3] This point was *not* overruled by *Martinez v. Ryan*, 566 U.S. ___, 2012 WL 912950 at * 5-6 (Mar. 20, 2012), which modified *Coleman* on other grounds.

**SO REPORTED AND RECOMMENDED** this 19th day of June, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA